UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FREDY SAMUEL TURCIOS RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> EDDIE WRIGHT; TABATHA ZAMORA; and COLBY VANDERBEEK. <br><br> Defendants. | **MEMORANDUM DECISION DENYING WITHOUT PREJUDICE MOTIONS FOR APPOINTMENT OF COUNSEL (DOC. NOS. 9, 13), AND TERMINATING MOTIONS FOR SERVICE OF PROCESS (DOC. NOS. 10, 14)** <br><br> Case No. 1:21-cv-00046-JNP-DAO <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Before the court are Plaintiff Fredy Samuel Turcios Rodriguez's motions for appointment of counsel, (Doc. Nos. 9, 13), and motions for service of process, (Doc. Nos. 10, 14). Mr. Rodriguez has appeared pro se in this case and is proceeding *in forma pauperis*. For the reasons explained below, the court DENIES Mr. Rodriguez's motions for appointment of counsel without prejudice and TERMINATES Mr. Rodriguez's motions for service of process.

Mr. Rodriguez proceeds in this case *in forma pauperis*. Because of this, the court must review his complaint under 28 U.S.C. § 1915(e) and § 1915A(b).[1] Once the court has conducted this review, it will either issue a Report and Recommendation recommending dismissal of the

---

[1] *See* 28. U.S.C. § 1915(e)(2) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.")

1

case or order the United States Marshal to serve each defendant. *See* DUCivR 3-2(c)(B), *available at* https://www.utd.uscourts.gov/rules-practice. Alternatively, the court may enter an order permitting Mr. Rodriguez to file an amended complaint detailing additional information. Regardless of what action the court takes, Mr. Rodriguez will receive a copy of the order. However, the court will not consider any motions until it has completed the § 1915 review. In other words, Mr. Rodriguez should not file any additional motions until he has received one of the orders described above.

Motions for Service of Process (Doc. Nos. 10, 14)

Mr. Rodriguez seeks the court's assistance in serving the defendants in this case. However, as noted above, the court has not yet conducted its § 1915 review. If Mr. Rodriguez's case survives § 1915 review, the court will order the defendants to waive service under Rule 4(d) of the Federal Rules of Civil Procedure, or the court will order the United States Marshal to serve the defendants. This will happen automatically if Mr. Rodriguez's case survives review; it requires no action by Mr. Rodriguez. In light of this, Mr. Rodriguez's motions for service of process, (Doc Nos. 10, 14), are premature and unnecessary, and are TERMINATED.

Motions for Appointment of Counsel (Doc. Nos. 9, 13)

Mr. Rodriguez has filed two motions asking that counsel be appointed to represent him, for several reasons. First, he claims he is incarcerated and has limited resources. (Doc. No. 9-1.) Second, Mr. Rodriguez contends he has no ability to present his claims because the institution at which he is incarcerated has no legal assistance programs or law library materials. (*Id.*) Further, Mr. Rodriguez points out he has a language barrier; he can understand English to an extent but is not sufficiently proficient to argue legal matters. (*Id.*) Lastly, Mr. Rodriguez asserts he is likely

to be deported to Honduras after July 26, 2021 and, after this deportation, there will be no one to represent him in the case.² (Doc. No. 13.)

While defendants in criminal actions have a constitutional right to representation by an attorney, (U.S. Const. amend. VI; Fed. R. Crim. P. 44), "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Indigent parties in civil actions who cannot obtain counsel may apply for the appointment of counsel under 28 U.S.C. § 1915, which allows a court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The applicant bears the burden of convincing the court his claim merits the court's appointing counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotations omitted).

The court denies Mr. Rodriguez's motions for appointment of counsel. They are premature, as the court has not yet conducted its § 1915 review. *See, e.g.*, *Hale v. GEO Grp., Inc.*, No. 1:11-cv-128, 2011 U.S. Dist. LEXIS 160353, at *2–3 (D.N.M. May 4, 2011) (unpublished) ("Furthermore, appointment of counsel in this case would be premature pending

---

² If Mr. Rodriguez's complaint states valid causes of action, they remain viable even if he is deported. *See Delgado v. Gutierrez*, No. CIV 12-0808 JB/ACT, 2014 U.S. Dist. LEXIS 66734, at *18 (D.N.M. Apr. 30, 2014) (noting plaintiff's claims for damages remain viable even if he is released from prison and deported to Mexico). However, to maintain his claim, Mr. Rodriguez "must notify the Clerk's Office immediately of any change in address, email address, or telephone number." DUCivR 83-1.3(e).

pre-screening of the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A.") However, the denial is without prejudice. If Mr. Rodriguez's complaint survives § 1915 review and he can show the appointment of counsel is warranted in this case, he may file a new motion to appoint counsel.

DATED this 13th day of July, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge