UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FREDY SAMUEL TURCIOS-RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE WRIGHT; TABATHA ZAMORA; and COLBY VANDERBEEK,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE (DOC. NO. 5)**<br><br>Case No. 1:21-cv-00046<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Fredy Samuel Turcios-Rodriguez, proceeding *in forma pauperis*, filed this action against Eddie Wright, Tabatha Zamora, and Colby Vanderbeek.[1] Mr. Turcios-Rodriguez alleges the defendants unlawfully detained him during a traffic stop while waiting for immigration officials to arrive, and unlawfully searched his car.[2] On September 30, 2021, the court identified deficiencies in the complaint and ordered Mr. Turcios-Rodriguez to file an amended complaint.[3] The court noted failure to file an amended complaint could result in an order or recommendation to dismiss this action.[4] Mr. Turcios-Rodriguez did not file an amended complaint by the deadline set in the court's order or anytime thereafter. Indeed, Mr.

---

[1] (Compl. 2, Doc. No. 5.)

[2] (*Id.* at 3–4.)

[3] (Order to File Am. Compl., Doc. No. 18.)

[4] (*See id.* at 4.)

1

Turcios-Rodriguez's last filing in the case was a notice of a change of address he mailed on August 6, 2021.[5]

On October 6, 2022, more than a year after Mr. Turcios-Rodriguez's last filing, the court ordered him to inform the court of his intention "to proceed with this case and [to] explain[] why the case should not be dismissed for failure to prosecute and failure to comply with the court's orders."[6] The order was explicit, informing Mr. Turcios-Rodriguez that failure to file a response would result in "recommend[ing] the district judge dismiss the case with prejudice."[7] Mr. Turcios-Rodriguez did not file a response to the order to show cause by the deadline set in the court's order or anytime thereafter.[8] Where Mr. Turcios-Rodriguez has failed to comply with court orders and, more generally, to prosecute his case, the undersigned[9] recommends the district judge dismiss the complaint with prejudice.

## LEGAL STANDARDS

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute. This rule states that if a

---

[5] (*See* Doc. No. 17-1.) The Order to Amend Complaint was sent to Mr. Turcios-Rodriguez at this address on September 30, 2021, but was returned as undeliverable. (*See* Doc. No. 19.)

[6] (Order to Show Cause, Doc. No. 21.)

[7] (*Id.*)

[8] The court's order to show cause was returned as undeliverable. (*See* Doc. No. 22.) This fact does not change the analysis. Pro se parties must update the court with any change of address or contact information. *See* DUCivR 83-1.3(e). And Mr. Turcios-Rodriguez was explicitly informed of this requirement. (*See* Mem. Dec. 3 n.2, Doc. No. 15.)

[9] On June 4, 2021, this case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 11.)

plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."[10]  But "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."[11]  Additionally, the District of Utah's local rules provide: "[a]t any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution" and "[i]f the party does not show good cause, [the judge] may enter an order of dismissal" which "may be with or without prejudice, as the court deems proper."[12]  Even though Mr. Turcios-Rodriguez is a pro se litigant, meaning he is held to a less stringent standard than a licensed attorney,[13] he must still "follow the same rules of procedure that govern other litigants."[14]

## ANALYSIS

When dismissing with prejudice under Rule 41(b), the court must consider the five *Ehrenhaus* factors: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court

---

[10] Fed. R. Civ. P. 41(b).

[11] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (internal quotation marks omitted).

[12] DUCivR 41-2.

[13] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[15]

As the record shows, Mr. Turcios-Rodriguez has failed to comply with court orders and, more generally, failed to prosecute his case. First, Mr. Turcios-Rodriguez failed to file an amended complaint as ordered by the court, even after being warned that noncompliance could result in an order or recommendation for dismissal. Second, Mr. Turcios-Rodriguez failed to provide a valid address; mail was returned as undeliverable to the only updated address Mr. Turcios-Rodriguez provided. And Mr. Turcios-Rodriguez was explicitly informed that in order for any cause of action to remain viable, he "must notify the Clerk's Office immediately of any change in address, email address, or telephone number."[16] Third, Mr. Turcios-Rodriguez did not respond to the court's order to show cause, even after being warned failure to respond would result in a recommendation to dismiss the case with prejudice. To sum up, Mr. Turcios-Rodriguez has failed to take any action in this case in the more than sixteen months since the court issued an order to file an amended complaint—and the more than four months since the court issued an order to show cause.

Under *Ehrenhaus*, dismissal for failure to prosecute and failure to follow the court's orders is warranted. Although the first *Erhenhaus* factor weighs in favor of Mr. Turcios-Rodriguez, the remaining factors weigh against him. First, the degree of actual prejudice to the defendants weighs in favor of Mr. Turcios-Rodriguez. Where Mr. Turcios-Rodriguez proceeds *in forma pauperis*, and where his complaint was deemed deficient under 28 U.S.C.§ 1915(e),[17]

---

[15] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted).

[16] (Mem. Dec. 3 n.2, Doc. No. 15); *see also* DUCivR 83-1.3(e).

[17] (*See* Order to File an Am. Compl., Doc. No. 18); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

the defendants have yet to be served in this case.[18]  Accordingly, there is no prejudice to them at this juncture.  Second, the interference with the judicial process is considerable where the court has been unable to communicate with Mr. Turcios-Rodriguez for many months.  Third, although Mr. Turcios-Rodriguez must be afforded some leniency because he is pro se, he is nevertheless responsible for his failure to comply with the court's orders.  Fourth, the court has repeatedly warned Mr. Turcios-Rodriguez that his case could be dismissed for failure to comply with the court's orders.  Most recently, Mr. Turcios-Rodriguez was warned that failure to respond to the order to show cause would result in a recommendation to dismiss without prejudice.  Finally, lesser sanctions are unlikely to be effective where, despite repeated opportunities, Mr. Turcios-Rodriguez has not responded to communications regarding this case for more than a year and has failed to update his address.

Where four of the five *Ehrenhaus* factors weigh against Mr. Turcios-Rodriguez, dismissal with prejudice is warranted based on his failure to prosecute and failure to comply with court orders.

## RECOMMENDATION

Because Mr. Turcios-Rodriguez has failed to comply with court orders and failed to prosecute his case generally, the undersigned RECOMMENDS the district judge dismiss the complaint with prejudice.  The court will send this Report and Recommendation to Mr. Turcios-Rodriguez at his last known address, and Mr. Turcios-Rodriguez is notified of his right

---

[18] *See* DUCivR 3-2(c) ("The clerk will not issue a summons [on behalf of an incarcerated party proceeding *in forma pauperis*] until directed to do so by the court.").

to object to it.[19]  Any objection to this Report and Recommendation must be filed within fourteen days.

        DATED this 10th day of February, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[19] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

6